## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| MATTHEW TASSONE, | : | Case No. 2:24-cv-2123 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Chelsey M. Vascura |
| JUDGE JESSICA G. D'VARGA, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Petitioner, currently on a pretrial release bond (*see* Doc. 2, at PageID 45),[1] has filed a

petition for habeas corpus relief under 28 U.S.C. § 2241[2] relating to a disorderly conduct charge

that is pending against him in Franklin County Municipal Court Case No. 2024 CR B 004296.

The Petition brings claims alleging unreasonable bond, as well as claims alleging

unconstitutional conditions of confinement prior to Petitioner's release on bond, judicial

misconduct, and ineffective assistance of counsel. (Doc. 2).

On August 15, 2024, the Court Ordered Franklin County Municipal Court Judge

Honorable James E. Green (hereinafter Respondent)[3] to respond to the unreasonable bond claim.

---

[1]Petitioner is considered to be "in custody" for habeas corpus purposes even though out on bond. *See Delk v. Atkinson*, 665 F.2d 90, 93-94 (6th Cir. 1981). Although petitioner is currently out on bond, it does not appear that his unreasonable-bond claim is moot. *See, e.g., Simon v. Woodson*, 454 F.2d 161, 166 n.8 (5th Cir. 1972) ("Although [the petitioner] is no longer being detained, his freedom does not render the cause moot. The fact that he retains an undeniable monetary interest in the amount by which the bond is alleged to be unconstitutionally excessive keeps it from being so.").

[2]*See Feagin v. Richland Cty. Sheriff*, No. 21 CV 595, 2021 WL 2917646, at *1 (N.D. Ohio July 12, 2021) ("A state pretrial detainee may seek habeas relief in certain circumstances pursuant to 28 U.S.C. § 2241; therefore, in the spirit of liberal construction, the Court will construe the Petition under § 2241.").

[3]As noted in the Court's August 15, 2024 Order, "the proper respondent in a habeas action under § 2241 is the petitioner's immediate custodian at the time of filing." *Banks v. United States Marshal,* No. 4:13-cv-490, 2013 WL 3458301, at *2 (N.D. Ohio July, 9, 2013) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004)). Because petitioner has indicated that he is free on bond pending trial and not in physical custody, the proper respondent is the court that granted petitioner bond. *See Miskel v. Karnes,* 397 F.3d 446, 450 n.5 (6th Cir. 2005) (citing *Reimnitz v.*

(Doc. 6).  The matter is now ripe and before the Court on the Petition (Doc. 2), Respondent's Return of Writ (Doc. 7), and Petitioner's Reply (Doc. 8).  For the reasons set forth below, the Petition should be **DISMISSED**.

## BACKGROUND

On March 14, 2024, Petitioner was charged by Columbus police with one count of disorderly conduct.  (*See* Doc. 7, Ex. 1 (trial court docket information), at PageID 151, 153). Petitioner first appeared at his arraignment before Honorable Andrea C. Peeples on March 29, 2024.  At the time, he was represented by an attorney from the Office of the Franklin County Public Defender.  At his arraignment, Petitioner stated to the court, "We can do a continuance, but we are not . . . We are going to plead not guilty by reason of insanity."  (Doc. 7, Ex. 2 (Transcript of March 29, 2024 proceedings), at PageID 158).  The arraignment was continued to April 26, 2024.  (*Id*. at PageID 162).

On April 26, 2024, Petitioner again appeared in Court, with newly appointed counsel. Prior to the commencement of proceedings, Petitioner's counsel moved to withdraw.  Petitioner verbally responded to the motion, expressing dissatisfaction with counsel's performance.  (Doc. 7, Ex. 3 (Transcript of April 26, 2024 Proceedings), at PageID 168–69).  The then presiding judge, Honorable Jessica D'Varga, granted the motion to withdraw.  (*Id*. at PageID 169).  Judge D'Varga then explained to Petitioner what his options were following the withdrawal of his attorney.  When Petitioner continued to interrupt, Judge D'Varga warned him against interrupting, told him he would be held in contempt if he continued to interrupt, and called the liaisons into the courtroom.  (Doc. 7, Ex. 3, at PageID 170–71).  After proceedings resumed, Judge D'Varga entered a plea of not guilty on Petitioner's behalf.  Also, Judge D'Varga set bail

*State's Attorney of Cook Cty.,* 761 F.2d 405, 407 (7th Cir. 1985)).  Because Franklin County Municipal Court Judge James E. Green is currently presiding over the underlying criminal matter, he is the proper respondent in this case.

at $10,000 to be satisfied by either cash or a surety bond, ordered a psychological evaluation of Petitioner, and informed Petitioner that she would appoint him a new attorney. (*Id.* at PageID 171–72).

Petitioner informed Judge D'Varga that he could not afford bond. (Doc. 7, Ex. 3, at PageID 172). Judge D'Varga responded that his legal counsel could address that issue with the court. (*Id.*). Petitioner indicated that he understood. (*Id.*). Petitioner posted bond through a surety company on April 27, 2024. (*See* Doc. 7, Ex. 1, at PageID 151). Judge D'Varga appointed Petitioner a new attorney on May 1, 2024. (Doc. 7, Ex. 6).

On April 29, 2024, Petitioner's criminal case was assigned to Respondent for the purposes of trial. (*See* Doc. 7, Ex. 1, at PageID 150–51). Since its assignment to Respondent's docket, the case has been before Respondent for proceedings on May 28, June 25, July 25, and September 3, 2024. (*See* Doc. 7, Ex. 1, at PageID 148–50; Doc. 7, Ex. 4 (Transcript of June 25, 2024 Proceedings); Doc. 7, Ex. 5 (Transcript of September 3, 2024 Proceedings)). To date, Petitioner has not filed a motion in the trial court seeking to have his bond reduced. (*See generally* Doc. 7, Ex. 1).[4] On June 24, 2024, Petitioner filed a state petition for habeas corpus relief in the Supreme Court of Ohio.[5] The state Supreme Court declined to accept his petition for review. (*See* Doc. 7, Ex. 6 (copy of Supreme Court of Ohio Entry)). Petitioner filed the instant federal habeas corpus Petition on May 3, 2024. (Doc. 2).

## ANALYSIS

It is well-settled that a federal court should not interfere in pending state-court criminal

---

[4]*See also* Franklin County Municipal Court docket in Case No. 2024 CR B 004296, viewed at https://www.fmcclerk.com/case/view, under Petitioner's name and case number. The Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).
[5]Viewed at: https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2024/0926, under Petitioner's name.

proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971).  Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity.  *Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir. 1981).  Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances.  *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546.  Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state-court remedies before seeking federal habeas relief.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973); *Atkins,* 644 F.2d at 546.

The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition."  *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, *2 (6th Cir. Aug. 31, 2020).  They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial."  *Id.* (citations omitted).  The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies.  *See Atkins*, 644 F.2d at 549.

Although a remedy may be available under § 2241 for unreasonable bond claims like those asserted by Petitioner, he must, as set forth above, still exhaust all of his state-court remedies before bringing those claims in federal court.  *See Braden*, 410 U.S. at 490; *Atkins,* 644 F.2d at 546.  *See also Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810

4

(6th Cir. 2012) ("Habeas petitioners must exhaust all available state court remedies before proceeding in federal court[.]")

Respondent contends that Petitioner has not exhausted his unreasonable bond claims in the state courts and therefore his Petition should be dismissed.  (Doc. 7, at PageID 141). Petitioner replies that he has exhausted his claims through his Ohio Supreme Court habeas corpus petition.  (Doc. 8, at PageID 192-93).

Although Petitioner filed a state habeas corpus petition in the Supreme Court of Ohio, there remains another remedy.  Under Ohio Rule of Criminal Procedure 46, which applies to the state municipal courts, *see Hancock Cty. Treasurer v. Ludwig*, No. 5-06-26, 2006 WL 3544717, at *4 (Ohio App. Dec. 11, 2006), the trial court "at any time, may order additional or different types, amounts, or conditions of bail."  *See also* Ohio Rev. Code § 2937.011(G) ("When a judicial officer, either on motion of a party or on the court's own motion, determines that the considerations set forth in divisions (D) and (E) of this section require a modification of the conditions of release, the judicial officer may order additional or different types, amounts, or conditions of bail, or may eliminate or lessen conditions of bail the court determines to be no longer necessary.").  This means that "any individual can move to have the trial court reduce his original bond amount."  *Talley v. City of Cleveland*, No. 1:14 CV 1697, 2015 WL 366698, at *3 (N.D. Ohio Jan. 27, 2015).  The *Talley* court explained:

> Ohio law provides [a] remedy if an individual's motion to reduce bond has been denied by the trial court, State habeas corpus.  The Ohio Supreme Court has held that "[h]abeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases."  *Chari v. Yore,* 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001).  Thus, [the petitioners] had two different avenues to seek reduction of their original bond amounts.

*Id.*

Here, the record before the Court shows that Petitioner has not filed a motion to reduce his bond in the trial court.  (*See* Doc. 7, Ex. 1 & Ex. 4, at PageID 177).  He therefore has not exhausted his available state-court remedies.  *See Sultaana v. Bova*, No. 1:12CV3117, 2013 WL 3947647, at *3 (N.D. Ohio July 31, 2013) (dismissing § 2241 excessive bail claim on preliminary review for failure to exhaust).  And while Petitioner asserts that it would be futile to do so (Doc. 8, at PageID 189-92), there is no evidence that his municipal court criminal proceedings cannot provide an opportunity for Petitioner to raise his constitutional claims.  The federal court must presume that the state courts are able to protect the interests of a federal petitioner.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).  Petitioner's unreasonable bond claim should therefore be dismissed for failure to exhaust.

## OTHER CONSTITUTIONAL CLAIMS

The remaining claims in the Petition allege unconstitutional conditions of confinement prior to Petitioner's release on bond, judicial misconduct, and ineffective-assistance-of-counsel. (*See generally* Doc. 2).  These claims are either non-cognizable in habeas review or outside of the recognized exceptions to the abstention doctrine and should be dismissed.  *See, e.g., Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (noting that "a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of [a petitioner's] confinement."); *Ferguson v. Gilliam*, No. 91-5814, 1991 WL 206516, at *1 (6th Cir. 1991) ("[T]he habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution.").

### IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's Petition for a writ of habeas corpus (Doc. 2) be **DISMISSED** without

prejudice.

2. In accordance with footnote 3, the case caption be updated to reflect that the proper Respondent to this action is Franklin County Municipal Court Judge Honorable James E. Green.

3. A certificate of appealability should not issue because, for the foregoing reasons, Petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Winburn v. Nagy*, No. 19-2398, 2020 WL 1951893, at *2 (6th Cir. Apr. 23, 2020) (citing 28 U.S.C. § 2253(c)(1)) ("[T]he language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.").

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


September 30, 2024                                 *s/ Chelsey M. Vascura*
                                                  CHELSEY M. VASCURA
                                                  United States Magistrate Judge


## <u>PROCEDURE ON OBJECTIONS:</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

  The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex

Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

the magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted).